**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42656**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 621** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: September 10, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **MATTHEW JOHN BELL,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and concurrent unified sentences of forty years with ten years determinate for first degree kidnapping and fifteen years with ten years determinate for attempted strangulation, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Matthew John Bell pled guilty to first degree kidnapping, Idaho Code §§ 18-4501, 18-4502; and attempted strangulation, I.C. §§ 18-918, 18-923. In exchange for his guilty plea, additional charges were dismissed. The district court imposed concurrent unified sentences of forty years, with ten years determinate, for first degree kidnapping and fifteen years, with ten years determinate, for attempted strangulation. Bell filed an I.C.R 35 motion, which the district court denied. Bell appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bell's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Bell's judgment of conviction and sentences, and the district court's order denying Bell's Rule 35 motion, are affirmed.